**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERIC TOBLER,

       Plaintiff,                            No. 08-cv-12610
                                                  Hon. Denise Page Hood

v.

EQUIFAX, and
AUTO CLUB INSURANCE AGENCY,

       Defendants.

_____/

## ORDER GRANTING DEFENDANT ACIA'S MOTION TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendant AAA's[1] Motion to Dismiss **[Docket No. 44, filed Nov. 13, 2008]**. On December 5, 2008, the Plaintiff filed a Response **[Docket No. 48]**, in which he also inappropriately incorporated a Motion to Amend the Complaint[2]. On December 22, 2008, the Defendant ACIA filed its Reply **[Docket No. 49]**. A hearing on the motion was held on January 7, 2009. For the reasons stated herein Defendant ACIA's Motion to Dismiss is GRANTED.

**II.    STATEMENT OF FACTS**

In his Complaint, Plaintiff alleges that the multiple Defendants violated several sections of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*. The Plaintiff seeks actual, statutory, and

---

[1] Plaintiff's Complaint incorrectly refers to the Defendant as AAA, however, the Defendant is properly known as Auto Club Insurance Agency ("ACIA") and will be referred to as such.

[2] Filing motions in this District is governed by Local Rule E.D. Mich. 7.1 (in addition to the Federal Rules of Civil Procedure), which requires a motion to be filed separately and not as part of a response to a previous document. Although Plaintiff is proceeding *pro se* at this juncture, Plaintiff is required to follow the procedural rules.

punitive damages because of the Defendants repeated failure to correct Plaintiff's credit report errors, and for the continuing false reporting of the status of one, or more accounts.

In regards to ACIA, the Plaintiff contends that "[ACIA] was informed of the false reporting and charged higher rates based on the false reports," and "Defendant [ACIA] overcharged Plaintiff based on false reporting by other Defendants," in addition to refusing to correct the problem after being notified by Plaintiff.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in a light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 443, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).  This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1974). A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to

relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1965). Consequently, "to state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S. Ct. at 1969).

**IV.   LAW & ANALYSIS**

Defendant ACIA brings the instant motion to dismiss arguing that the only claim alleged against ACIA fails as a matter of law. Plaintiff claims that Defendant ACIA relied on "false reports by other Defendants" [Compl. ¶ 33]. The Defendant does not dispute this allegation, and agrees that it relied on Defendant ChoicePoint to obtain credit information. Through the Affidavit of Tim Olschefski, Underwriting Operations Director for ACIA, the Defendant submits that its actions were in compliance with the requirements imposed by the Act. In particular, Olschefski testified that the Plaintiff received notice which informed him that ACIA's insurance rates are updated every three years. Olschefski further avers that in 2005, ACIA checked both Plaintiff's credit score and his wife's credit score by utilizing the services of former Defendant ChoicePoint; and as a result of his wife's superior credit that Plaintiff's credit score, "whether erroneous or not, became irrelevant." [Affidavit of Tim Olschefski, Def.'s Mot. to Dismiss, Ex. B]. Apart from these factual allegations, the Defendant provides that the instant claim is statutorily barred by 15 U.S.C. § 1681m(h)(8).

In response, Plaintiff seeks to amend his Complaint by adding two additional claims; first, that ACIA was unjustly enriched because "[ACIA] used an erroneous credit report to set a higher rate," and failed to correct the error after being notified by the Plaintiff. Secondly, Plaintiff also seeks to amend his Complaint by asserting that ACIA "failed to disclose the source of the credit report information (namely that [ACIA] uses Experian)." Liberally construing the response it also

3

appears that Plaintiff contends that he was not properly notified that ACIA took "adverse action" based on information obtained in a consumer report. More specifically, the Plaintiff claims that the Defendant knowingly failed to provided the "name, address, and telephone number of the consumer reporting agency... that provides the report," as required by  § 1681m(a)(2)(A). Additionally, Plaintiff opines that the Defendant ACIA's, as well as various other Michigan car insurance providers, policy of adjusting insurance rates on the basis of credit scores should be banned. Plaintiff further avers that Defendant ChoicePoint was itself created to undermine the reporting requirements imposed by the FCRA.

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *See* 84 Stat. 1128, 15 U.S.C. § 1681; *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2205- 06, 167 L. Ed. 2d 1045 (2007). Among other things, the Act requires that "any person [who] takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report must notify the affected consumer." 15 U.S.C. § 1681m(a); *Safeco Ins. Co. of Am.*, 127 S. Ct. at 2206. "As it applies to an insurance company, 'adverse action' is a 'denial or cancellation of, an increase in any charge for, or a reduction or other adverse or unfavorable change in the terms of coverage or amount of, any insurance, existing or applied for.'" § 1681a(k)(1)(B)(i); *Safeco Ins. Co. of Am.*, 127 S. Ct. at 2206.

In regard to Plaintiff's proposed amendments to the Complaint based on additional FCRA violations, this Court is unable to provide the relief requested. Section 1681m(h)(8) provides:

> Enforcement
> (A) No civil actions. Sections 616 and 617 [15 U.S.C. §§ 1681n and 1681o] shall not apply to any failure by any person to comply with this section.
> (B) Administrative enforcement. This section shall be enforced exclusively under

> section 621 [15 U.S.C. § 1681s] by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681(m)(h)(8). Although the Sixth Circuit has yet to hold that this section has eliminated a private right of action as to the whole of 1681m, this Court is persuaded by the reasoning of the majority of federal courts which have so held. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 823 (7th Cir. 2006) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m."); *Meyers v. Freedom Credit Union*, No. 05-3526, 2007 U.S. Dist. Lexis 70032, 2007 WL 2753172 (E.D. Pa. Sept. 21, 2007); *Gelman v. State Farm Mut. Auto. Ins. Co.*, No. 06-5118, 2007 WL 2306578, 2007 U.S. Dist. Lexis 58237, at *28 (E.D. Pa. Aug. 9, 2007) ("However, every other federal court that has considered this issue, including one within this district ... has concluded that the FACTA amendments eliminated the private right of action to enforce the § 1681m(d) disclosure requirements."); *Soroka v. JP Morgan Chase & Co.*, 500 F. Supp. 2d 217, 2007 U.S. Dist. Lexis 23127, 2007 WL 895249, at *6 (S.D.N.Y. Mar. 19, 2007); *White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183, 1187 (N.D. Cal. 2006); *Putkowski v. Irwin Homes Equity Corp.*, 423 F. Supp. 2d 1053, 1061-62 (N.D. Cal. 2006) (explaining that the Fair and Accurate Credit Transactions Act of 2003 amended FCRA to make it clear that there is no private right of action for violations of §1681m); *But see Barnette v. Brook Road, Inc.*, 429 F. Supp. 2d 741, 749 (E.D. Va. 2006). Consequently, Plaintiff's current claims against Defendant ACIA are statutorily barred. Additionally, the requested amendment to the Complaint would be futile as the Plaintiff is precluded from seeking damages through a private right of action for violations of § 1681m. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

As Plaintiff's proposed amendment may only be enforced by the federal and state agencies identified in § 1681s of the FCRA the Court declines to permit such an amendment of the Complaint. In the absence of the federal claim, the Court further declines to evoke supplemental jurisdiction for the proposed common law unjust enrichment claim.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss **[Docket No. 44, filed Nov. 13, 2008]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint, incorrectly included in **[Docket No. 48, filed Dec. 5, 2008]** is **DENIED**.


                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated:  May 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2009, by electronic and/or ordinary mail.

                                        S/William F. Lewis
                                        Case Manager